# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **JAMES McCONICO, Jr.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-572 JCH |
| ) | |
| **RICHARD A. MILES, et al.** ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of James McConico, Jr. (registration no. 117395), an inmate at the Holman Correctional Facility located in Alabama, for leave to commence this action without payment of the required filing fee [Doc. #1].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $18.67, and an average monthly account balance of $5.19. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.73, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an Alabama state prisoner, seeks to enforce an Alabama state court default judgment that he received against defendant Correctional Medical Services (CMS). Plaintiff asserts that the defendants' failure to comply with the judgement is a violation of Article III of the United States Constitution.

**Discussion**

This is plaintiff's second attempt to collect this judgment in this Court. *See McConico v. Correctional Medical Services*, No. 4:03CV1555(JCH) (E.D. Mo.). As before, plaintiff's reliance upon the federal Constitution is misplaced, and this case must be dismissed, because this Court lacks jurisdiction to enforce plaintiff's Alabama judgment. "State court judgments cannot be registered in this [c]ourt." *Atkinson v. Kestell*, 954 F.Supp 14, 15 n.2 (D.D.C. 1997) *aff'd sub nom. Atkinson v. Inter-American Dev. Bank*, 156 F.3d 1335 (D.C. Cir. 1998) (citing 28 U.S.C. § 1963 (enumerating the judgments that may be registered in a United States district court); Fox Painting Co. v. NLRB, 16 F.3d 115, 117 (6th Cir. 1994)). Because this Court lacks subject matter jurisdiction to enforce a judgment entered by the Escambia County (Alabama) Circuit Court, plaintiff's action is dismissed. *See Atkinson,* 954 F. Supp. at 15.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED**. *See* 28 U.S.C. § 1915.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $3.73 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for the filing of the instant complaint.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 18th day of August, 2005.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com